Exhibit A

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 16-2024-CA-000502
DIVISION: CV-H

TIMOTHY J. NOWAK,
an individual,

    Plaintiff,

v.

PACCAR INC., d/b/a PETERBILT,
a Foreign Profit Corporation,
and RUSH TRUCK CENTERS OF
FLORIDA, INC d/b/a RUSH TRUCK
CENTERS, a Foreign Profit Corporation.

    Defendant.

_____/

## PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff, TIMOTHY J. NOWAK, ("Mr. Nowak"), an individual, sues Defendant, PACCAR INC., d/b/a PETERBILT, (Paccar), and RUSH TRUCK CENTERS OF FLORIDA, INC., d/b/a RUSH TRUCK CENTERS ("Rush"), a Foreign Profit Corporation, and allege the following:

### Factual Allegations

1.    This is an action for damages in excess of $50,000.00, exclusive of interest, costs and attorneys' fees.

2.    At all times material, Plaintiff was and is a resident of Glynn County, Georgia.

3.    At all times material, Defendant Paccar was and is a Foreign Profit Corporation licensed to do business in the State of Florida, including Duval County, Florida.

1

4. At all times material, Defendant Rush was and is a Foreign Profit Corporation licensed to do business in the State of Florida, including Duval County, Florida.

5. At all times material, Defendant Rush was and is a commercial truck dealer for Defendant Paccar, in Duval County, Florida.

6. Venue is proper in Duval County, Florida as the negligence giving rise to this action occurred in Duval County, Florida.

7. On or about April 17, 2023, Mr. Nowak was employed by Cypress Sunbelt Truck Lines ("Cypress").

8. On or about April 4, 2022, Mr. Nowak received semi-truck number 21986 ("semi-truck") at issue from Cypress.

9. Prior to April 4, 2022, Rush purchased/received the semi-truck at issue from Defendant Paccar and sold the semi-truck to Cypress.

10. On or about April 17, 2023, Mr. Nowak was conducting his pre-trip semi-truck inspection near or about 1262 Canal Road, Brunswick, Georgia, 31525.

11. The semi-truck Mr. Nowak was inspecting was purchased by Cypress from Rush, at Rush Truck Centers, 5175 W. Beaver Street, Jacksonville, Florida, 32254.

12. On or about April 17, 2023, while Mr. Nowak was conducting his pre-trip inspection, he fell off the steps on the semi-truck suffering significant bodily injury.

13. At that time and place, there were no handhold's installed by Paccar by the steps on the semi-truck in violation of Federal Regulations sections 399.207 and 399.211.

## COUNT I: NEGLIGENCE PACCAR, INC

14. The allegations of paragraphs 1-13 are hereby incorporated by reference.

2

15. Defendant Paccar owed a duty to design, manufacture, inspect, and warn consumers about the steps in a reasonably safe manner.

16. Defendant Paccar breached this duty by designing, manufacturing, and/or failing to warn about the steps with known or foreseeable risks.

17. Defendant Paccar failed to sufficiently warn users of the truck that a handrail was necessary.

18. At that time and place, there were no handhold's installed by Paccar by the steps on the semi-truck in violation of Federal Regulations sections 399.207 and 399.211.

19. As a direct and proximate result of Paccar's negligence (installing steps with no handrails) which caused the April 17, 2023 fall, Plaintiff suffered bodily injury, or aggravation of an existing disease or physical defect, or aggravation of a latent disease or physical defect, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of earning capacity and the ability to earn money. The losses are permanent and ongoing, and Plaintiffs will suffer the losses in the future.

WHEREFORE, Plaintiffs demand judgment for compensatory damages and costs against Defendant Paccar named hereinabove, pre-judgment interest on liquidated damages and request a trial by jury on all issues so triable.

## COUNT II: STRICT LIABILITY PACCAR

20. The allegations of paragraphs 1-13 are hereby incorporated by reference.

21. Prior to April 17th, 2023, Defendant Paccar placed the defectively designed and/or manufactured semi-truck into the stream of commerce by selling/delivering it to Defendant Rush.

3

22. The semi-truck, namely, the steps without the handrail, was in a defective and unreasonably dangerous condition at the time it left the possession and control of Paccar and placed into the stream of commerce.

23. At that time and place, there were no handhold's installed by Paccar by the steps on the semi-truck in violation of Federal Regulations sections 399.207 and 399.211.

24. Plaintiff used the semi-truck and steps in the manner in which it was intended or in a reasonably foreseeable manner.

25. The steps on the semi-truck were defectively designed because it was designed in such a way that you could place it into the stream of commerce without the handrail.

26. As a direct and proximate result of Paccar's negligence which caused the April 17, 2023 fall, Plaintiff suffered bodily injury, or aggravation of an existing disease or physical defect, or aggravation of a latent disease or physical defect, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of earning capacity and the ability to earn money. The losses are permanent and ongoing, and Plaintiffs will suffer the losses in the future.

WHEREFORE, Plaintiffs demand judgment for compensatory damages and costs against Defendant Paccar named hereinabove, pre-judgment interest on liquidated damages and request a trial by jury on all issues so triable.

### COUNT III: STRICT LIABIILTY RUSH TRUCK CENTERS

27. The allegations of paragraphs 1-13 are hereby incorporated by reference.

28. Prior to April 17th, 2023, Defendant Rush distributed, or sold the semi-truck to Cypress.

29. The semi-truck, namely, the steps without the handrail, was in a defective and unreasonably dangerous condition at the time it left the possession and control of Rush and was placed into the stream of commerce.

30. Plaintiff used the semi-truck and steps in the manner in which it was intended or in a reasonably foreseeable manner.

31. As a direct and proximate result of the steps without a handrail, which caused the April 17th, 2023 fall, Plaintiff suffered bodily injury, or aggravation of an existing disease or physical defect, or aggravation of a latent disease or physical defect, and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of earning capacity and the ability to earn money. The losses are permanent and ongoing, and Plaintiffs will suffer the losses in the future.

WHEREFORE, Plaintiffs demand judgment for compensatory damages and costs against Defendant Rush named hereinabove, pre-judgment interest on liquidated damages and request a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

**FARAH & FARAH**

By: */s/ Neil D. Gornto*
**NEIL D. GORNTO**
Florida Bar No. 20916
10 West Adams Street
Jacksonville, FL 32202
P: 904-664-8169
Primary: ngornto@farahandfarah.com
Secondary: tedwards@farahandfarah.com
*Attorneys for Plaintiff*